57 CCPA

**Application of Carl E. NELSON.**
**Patent Appeal No. 8235.**

United States Court of Customs and Patent Appeals.
Feb. 12, 1970.

———◆———

Raymond Underwood, attorney of record, Rahway, N. J., for appellant. I. L. Wolk, Rahway, N. J., Albert W. Rinehart, Washington, D. C., of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Jack E. Armore, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and RAO, Chief Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals which affirmed the rejection of claims 1, 3, 4 and 5, all the claims in appellant's patent application serial No. 401,994, filed October 6, 1964, for "Therapeutic Composition and Its Use." Applicant has been permitted to rely upon the date of a parent application serial No. 207,039, filed July 2, 1962, for a constructive reduction to practice as to the claims in issue.

We affirm the board's decision.

## THE INVENTION

Claim 1 is illustrative of the claims on appeal.

1. A pharmaceutical composition, in unit dosage form for the treatment of mental disorders involving a marked depressive mood, comprising in combination from 10 to 25 mg. of amitriptyline and from 1 to 4 mg. of perphenazine.

The dosages recited are standard and no issue was raised concerning their recitation in the claims.

## THE REJECTION

All the claims were rejected as unpatentable under 35 USC 103 over a publication of Kennedy and Arnett, "An Effective Drug Combination," Am. Jour. of Psychiatry, Vol. 118, No. 6, December 1961, pages 547–548. This article discloses the use of a combination of perphenazine and amitryptyline to treat mental disorders.

## RULE 131 AFFIDAVITS

Applicant did not deny the pertinence of the reference but sought to overcome it by submitting two affidavits under Rule 131. The critical date being December 1961, the applicant's first affidavit averred that on August 15, 1961, applicant had prepared a paper entitled "Concept of Invention: Beneficial Integration of Amitryptyline and a Phenothiazine," which paper was attached to the affidavit. It describes the idea of coadministering amitryptyline (an antidepressant) and "a phenothiazine tranquilizer" to reduce the incidence or the severity of phenothiazine side effects. In attempting to show what was meant by phenothiazine tranquilizer, the affidavit averred applicant's prior familiarity with an article by Dr. Ayd, published in March 1961. The Ayd publication classified ten specific compounds as phenothiazines and described the therapeutic potencies of each of them. One of these ten is perphenazine, which was not mentioned in either the first affidavit or the Concept of Invention document. Also submitted were later documents describing the uses and properties of the claimed composition but having no relevance to the issues before us.

Applicant's second affidavit presented exhibits A to Z and averred that these exhibits from his and his employer's records "show that the combination was constantly being considered from November 1961 to July 1962," the latter date being relied upon for constructive reduction to practice by filing of the parent application for patent. Applicant averred familiarity with all these exhibits "concerned with his Concept; that he never abandoned this Concept during the period of November 1961 to July 1962 and that the invention was diligently pursued by him all that time." Briefly, the exhibits show a steady interest on

the part of various officers of applicant's employer and assignee, Merck & Co., Inc., in developing and marketing a composition comprising a phenothiazine and amitryptaline. Perphenazine as the particular species of phenothiazine is not named in any exhibit until one dated February 19, 1962, but was consistently mentioned from that time on. The exhibits indicate that the designation of a particular phenothiazine was predicated partially on medical considerations but predominantly on availability since the phenothiazines were patented to, and produced exclusively by, other companies.

## THE BOARD

The board affirmed the examiner in holding that the evidence did not show that the *claimed* composition, which specifically recites perphenazine, had been conceived prior to the critical date. The board further held that even if conception had been proved, there was no showing of due diligence as to the *claimed* invention from a time prior to December 1961, up to the filing of an application the following July.

## APPELLANT

Appellant argues that only one invention is involved. He urges that the Concept of Invention shows complete conception of that single invention and that it would have been useless and unnecessary to set out each of the ten phenothiazine species when they were already well known in the art. He also argues that the exhibits show reasonable diligence in reducing "the Concept" to practice.

## OPINION

We shall assume, without holding, that appellant has satisfactorily shown conception of the claimed composition prior to the reference date.

We are not persuaded that the board erred in its holding regarding diligence. We cannot agree with appellant that the generic invention calling for "a phenothiazine" and the specific invention calling for "perphenazine" are the same thing or should be treated as the same in this case. It is altogether possible that a claim to the generic invention would have been unpatentable over prior art apart from the Kennedy reference. Accordingly, we must consider the evidence only as it relates to the specific invention claimed.

The effective date of the Kennedy reference has not been precisely determined, but appellant appears to agree that it is some time in December 1961. Accordingly, reasonable diligence is tested with respect to the period from December 1961 to July 2, 1962, appellant's date of constructive reduction to practice. As mentioned above, perphenazine was not named in any document as the particular species of phenothiazine to be used in appellant's composition until February 19, 1962. Neither the affidavits nor the supporting exhibits indicate what was happening with respect to perphenazine during this period from December to February. While constant effort is not required, the record before us does not give any reason whatever to explain the delay, and we will not speculate on possible explanations. The evidence is insufficient to show even a tentative consideration of perphenazine during the two-month period. For these reasons, we cannot say that the board erred in finding an insufficient showing of reasonable diligence.

The decision of the board is affirmed.

Affirmed.