Eugene C. GREENWOOD, Plaintiff,

v.

SEIKO INSTRUMENTS & ELECTRONICS, LTD., et al., Defendants.

Civ. A. Nos. 85–2812, 87–1098.

United States District Court, District of Columbia.

April 28, 1989.

Maurice U. Cahn, Potomac, Md., for Greenwood.

Bruce L. Adams, New York City, Thomas W. Cole, Falls Church, Va., for Seiko.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

The Greenwood patent relates to an apparatus for determining heartbeat rate based upon the measurement of the time interval between two consecutive heartbeats, and for immediately displaying the heart rate in beats per minute. The posture of the case is such that plaintiff loses unless his affidavits are sufficient to show that he conceived this invention and diligently put it into practice in 1970. Greenwood may well have conceived the device in December of 1969 as he states, but his affidavit derails when it comes to specifics and to diligence during the period between December 1969 and the Fall of 1970. Therefore, the judgment of the Patent and Trademark Office ("PTO") is reversed.

### 1. Statement of the Case.

Plaintiff charged Seiko with infringement of his patent, which defendant contends is invalid and unenforceable. When suit was commenced, Seiko filed a request for reexamination of plaintiff's patent at the PTO, alleging that the plaintiff's claims are unpatentable. The PTO granted the request, and rejected Greenwood's claims as unpatentable due to prior art references, including three submitted by Seiko.

In response to this PTO finding, plaintiff submitted two affidavits, one his own, one his son's, which purport to show that Greenwood had the idea first. The PTO held that the two affidavits were sufficient to antedate the publications submitted by Seiko and therefore withdrew its rejections of plaintiff's claims.

In its motion for summary judgment, Seiko claims that the affidavits are insufficient, and that plaintiff has misled and defrauded the PTO in using them. If the affidavits are insufficient as a matter of law, the PTO's original finding would stand, and this Court must reverse the decision based on Greenwood's affidavits, and reinstate the original finding that Seiko has established priority over the patent.

### 2. Legal Analysis.

Seiko argues the following 4 points: 1) the PTO's original rationale means that the affidavits are the *only* basis for Greenwood's claims; 2) the affidavits fail to show that Greenwood was diligent in reducing his patent to practice or that it was ever actually reduced to practice; 3) the affidavits fail to show that Greenwood had the idea for the device early enough; and 4) Greenwood has tried to "defraud" the PTO with his affidavits. There is a counterclaim charging Greenwood with bad faith in maintaining this litigation (which plaintiff has moved to dismiss) which makes this same argument.

1) The PTO decided against Greenwood on the basis of the original record, including Seiko's submissions. In Greenwood's affidavits and other materials on reexamination, no attempt was made to undermine the original showing made by Seiko. Instead, plaintiff's documentation at the reexamination was meant to go behind Seiko's evidence, to show that Greenwood had conceived of the patent and put it into workable shape before Seiko. Thus, the evidence Seiko originally offered remains unchallenged. Therefore, if the affidavits are insufficient, the PTO's original finding in favor of Seiko should be restored, and this Court must reverse the finding based on the affidavits.

2) Seiko argues that Greenwood has failed to show that he made a diligent effort to reduce his idea to practice during the 5 month period between conception and patent filing. The PTO's Rule 131 (37 C.F.R. 1.131) allows an affidavit of prior invention to be submitted to overcome a rejec-

tion based on reference patents or publications. The three Seiko submissions have publication dates of January, May and July 1970. Under Rule 131, publications can be antedated and eliminated as references upon the filing of an affidavit by the inventor showing completion of the invention before the dates of the publications.

Rule 131 establishes requirements which must be met in order to antedate a reference publication. The two ways to do so are to (1) show "reduction to practice" [1] of the invention prior to the date of the reference, or (2) show conception of the invention prior to the date *and* due diligence from the date of the reference to a subsequent reduction to practice or to the filing of a patent application. Greenwood's affidavits proceed under alternative (2). A filing under this alternative is required to be very fact based and detailed, to prevent would-be patent holders from coming in with vague evidence that they had a totally unworkable but similar idea to the patented one. In patent caselaw, this means that the affidavit must show specific features with "proof of the most convincing character." *In re Noxon*, 201 F.2d 835, 41 CCPA 803, 101 USPQ 72, 76 (CCPA 1954). The affidavits *must* show diligence, and affidavits are to be rejected for non-compliance if they do not show facts to support diligence. *In re Harry*, 333 F.2d 920, 51 CCPA 1541, 142 USPQ 164, 165–6 (1964).

The PTO failed to consider this prong of the test. Seiko points out that Greenwood's affidavits fail even to allege, let alone show, diligence. To antedate the publication dated January, 1970, the plaintiff's affidavits must contain a sufficient showing of facts to establish conception of the invention prior to this date coupled with due diligence from the publication date to a subsequent reduction to practice or to the filing of an application for a patent.

Greenwood's affidavit alleges a date of conception in the 13–day period from December 21, 1969 to January 2, 1970, and alleges a reduction to practice of the invention in July, 1970 [2]. Thus, to antedate the January, 1970 publication, the affidavit must contain facts sufficient to show diligence for either the 5–month period between the conception date to the May, 1970 publication date, or the 11–month period from conception to the date of filing of the patent application.

With regard to the 5–month diligence period, the affidavits are silent. There is no showing of any activity at all. The first mention of any activity is the May, 1970 letter Greenwood sent to a potential manufacturer. There is caselaw holding that a two month delay is sufficient to find lack of diligence. *In re Nelson*, 420 F.2d 1079, 57 CCPA 893, 164 USPQ 458 (1970). In that case, the PTO stated that "[w]hile constant effort is not required, the record before us does not give any reason whatever to explain the delay, and we will not speculate on possible explanations."

It appears that when the PTO acted on plaintiff's request for reexamination, including the affidavits, the PTO did not consider the diligence question. The Examiner considered only the issue of conception date. At any rate, Greenwood has failed to show diligence to the required standard of "proof of the most convincing character" under *Noxon*.

As to the 11 month period prior to filing for the patent, Seiko argues that since plaintiff was only able to get his model to work 50% of the time, there was *never* a successful reduction to practice, so that this time period cannot prove diligence even under a generous time scale. The standard for actual reduction to practice is a showing that the invention as claimed in the patent was *actually* constructed and

---

**1.** Reduction to practice means that Greenwood must show that the invention *as claimed in the patent* was actually constructed and sufficiently tested to demonstrate that it will work for its intended purpose. *Barmag Barmer Maschinenfabrik v. Murata Machinery Ltd*, 731 F.2d 831, 221 USPQ 561 (Fed.Cir.1984). As noted below, even when Greenwood made a model of his invention, the best it could do was work 50% of the time, which falls short of working for its intended purpose.

**2.** Seiko also argues failure to reduce to practice at any date, let alone within a reasonable time frame of due diligence.

sufficiently tested to demonstrate that it will work for its intended purpose. *Wiesner v. Weigert*, 666 F.2d 582, 212 USPQ 721 (CCPA 1981). No showing of this sort was made to the PTO for the reexamination. (See fn. 1).

3) Seiko also argues that the PTO erred in crediting plaintiff with conception of the invention, because the diagrams and descriptions in plaintiff's documentary appendix to his affidavit do not clearly demonstrate how the device was supposed to work. Although the Court has no pretensions to technical expertise, it can be noted that some of the diagrams don't show how electrical connections are supposed to be made, nor any means for generating an electrical signal to indicate the time between heartbeats.

The *Noxon* case mentioned above indicates that the courts are not supposed to engage in speculation favorable to the idea that the inventor knew how to fill in such gaps in order to produce a working model. However, on this aspect of the affidavits, the PTO is entitled to deference: the case-law doesn't require that a model must be presently commercially marketable, and it is best to leave a determination of technical sufficiency in the hands of the PTO. The Court would be reluctant to hold the PTO's decision invalid on that basis alone.

4) Seiko's final argument on summary judgment merges with its counterclaim with respect to its argument that plaintiff has made fraudulent affidavits. Defrauding the PTO is not a common-law "fraud" question, and the standard for representations to the PTO is so extremely high as to be virtually a fiduciary one. As far as it affects the merits of Seiko's motion for summary judgment, the argument is based on the rule that patent applicants have an "uncompromising duty" to report honestly all factors which weigh on the decision to issue a patent. *Precision Instrument v. Automotive Maintenance*, 324 U.S. 806, 816, 65 S.Ct. 993, 998, 89 L.Ed. 1381 (1945). In addition, 37 C.F.R. 1.555 imposes a duty of candor and good faith on patent owners in a reexamination proceeding. It is therefore Seiko's position that a showing that Greenwood was not in good faith in his affidavit makes the reexamination invalid.

The factual basis for this argument is that there are contradictions between Greenwood's statements in the affidavit, between the affidavit and his deposition, and between the affidavits of Greenwood and his son. Among other things, when the question becomes whether plaintiff actually made a working model, Greenwood says his son did, the son says Greenwood did. Seiko also points to claims made in the affidavits about the way the model worked which appear to be scientifically impossible. The affidavit and deposition also show that Greenwood Sr. can't really remember for certain *when* he built his prototype, whether in 1969, '70, '71 or as late as 1972. His correspondence with Baxter Laboratories, a potential licensee, states that the memory component of the device was "in the process of being programmed" as of January, 1971.

These factual details may serve to show that plaintiff simply does not remember when he built his model or worked out the plans of his device. They do not, the Court finds, show that plaintiff *intended* to mislead the PTO, or engaged in "fraud" in the common-law sense. But the fact that contemporaneous records show that the prototype was not completed until January, 1971, well after the date of July, 1970 alleged in the affidavit, shows at least that after 20 years, plaintiff does not recall the exact sequence of events positively. If this is the case, plaintiff is required to admit as much to the PTO given the high standard of candor and good faith required in reexamination proceedings. This high standard of disclosure required of patent claimants applies whether inaccurate evidence is submitted to the PTO wilfully or not. The filing of a misleading Rule 131 affidavit makes the resulting patent unenforceable, regardless of whether the patent would have been issued "but for" the "fraud." *Timely Products Corp. v. Arron*, 523 F.2d 288, 187 USPQ 257, 264 (2d Cir.1975); *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 222 USPQ 553, 561–62 (Fed.Cir.1984).

**34**

3. Plaintiffs Motion to Dismiss the Counterclaim.

■ Seiko has counterclaimed alleging "fraud" and bad faith, and has been able to point out inconsistencies in Greenwood's versions of events which occurred nearly 20 years ago. Seiko argues that plaintiff entered this suit knowing that his patent was invalid on the basis of two preexisting patents, but the PTO has denied reexamination of plaintiff's patent based on them. Given the fact that the PTO does not think those patents form a basis for invalidity, it is incorrect for Seiko to argue that plaintiff knew his patent was invalid on that basis. Furthermore, since the affidavit-based reexamination, plaintiff has been the patent holder of record, and is entitled to bring a suit for infringement on that basis alone. In effect, Seiko is making an argument which it could make only if the Court had already found Greenwood's patent invalid. Surely the PTO's judgment ought to count for enough to enable plaintiff to rely on it to bring an infringement suit. Therefore, plaintiff's motion to dismiss the counterclaim is granted.

Accordingly, it is hereby

ORDERED that defendant's Motion for Summary Judgment is GRANTED. It is

FURTHER ORDERED that plaintiff's Motion to Dismiss the Counterclaim is GRANTED.