Eugene C. GREENWOOD,
Plaintiff–Appellant,

v.

HATTORI SEIKO CO., LTD.,
Defendant–Appellee.

Eugene C. GREENWOOD,
Plaintiff–Appellant,

v.

SEIKO INSTRUMENTS &
ELECTRONICS, LTD.,
Defendant–Appellee.

Nos. 89–1619, 89–1620.

United States Court of Appeals,
Federal Circuit.

April 3, 1990.

Maurice U. Cahn, Washington, D.C., argued, for plaintiff-appellant.

Bruce L. Adams, Adams & Wilks, New York City, argued, for defendant-appellee.

Before NEWMAN and ARCHER, Circuit Judges, and DUFF, District Judge.*

ARCHER, Circuit Judge.

Eugene C. Greenwood appeals from the summary judgment of the United States District Court for the District of Columbia, 711 F.Supp. 30, 13 USPQ2d 1245 (D.D.C. 1989), holding U.S. Patent No. 3,717,140 ('140 patent) invalid under 35 U.S.C. § 103

* Judge Brian Barnett Duff of the United States District Court for the Northern District of Illinois, sitting by designation.

(1982 and Supp. II 1984) and unenforceable based on inequitable conduct. We vacate-in-part, reverse-in-part and remand.

### Background

Greenwood is the owner and patentee of the '140 patent, entitled "Heart Rate Counter with Digital Storage and Numerical Readout," which relates to an apparatus that displays an individual's pulse rate using a combination of electronic elements. Seiko Instruments & Electronics, Ltd. and Hattori Seiko Co., Ltd. (collectively Seiko) are the manufacturer and U.S. distributor, respectively, of SEIKO-brand watches, two models of which are selectively operable in a "pulse-monitoring" mode to monitor and display the heart rate of the person wearing the watch. Believing the sale of these watches in the United States to be an infringement of his patent rights, Greenwood filed suit[1] against Seiko for infringement of the '140 patent. In response, Seiko filed a request in the United States Patent & Trademark Office (PTO) for reexamination of '140 patent, see 35 U.S.C. §§ 301–307 (1982), citing certain prior art which in its view raised a substantial new question as to the patentability of the invention claimed in the '140 patent. The prior art cited in Seiko's request disclosed the use of read-only memories as look-up tables for performing computations. According to Seiko, the examiner was without the benefit of that prior art during the original prosecution of the '140 patent. On June 26, 1987, the PTO granted Seiko's request for reexamination.

During the reexamination proceeding, the examiner rejected each claim of the '140 patent under 35 U.S.C. § 103 as unpatentable over Abbenante, Patent No. 3,599,628, in view of (1) Ottoway, Patent No. 3,328,767, or (2) any one of three magazine publications. Greenwood responded to the examiner's rejection by traversing the merits of the Abbenante/Ottoway rejection and by filing an affidavit under 37 C.F.R.

1. Greenwood initially filed separate suits against the manufacturer and the distributor; however, the two suits were consolidated in the district court and remain so in this appeal.

§ 1.131 (Rule 131) demonstrating conception of his invention prior to the publication date of the three magazine publications. Consequently, the examiner issued a Reexamination Certificate related to the '140 patent, stating with respect to the magazine publications that "it would appear that the claimed subject matter was conceived in early January 1970, at the latest, which antedates the three publications on which the rejection of the claims is based. Therefore the rejections of claims 1–10 based on those publications are withdrawn."

Following the conclusion of the reexamination proceeding, the district court on motion for summary judgment held that Greenwood's Rule 131 affidavit was insufficient to antedate the three magazine publications because the affidavit was "silent" as to the required showing of diligence between the asserted date of conception and reduction to practice, which Greenwood claimed had occurred approximately five to six months after conception of the invention. The court noted that the examiner apparently considered only the issue of conception and failed to consider the diligence question. Moreover, the court held that there had been no showing made before the PTO that Greenwood had been diligent as required by the regulation, *see* 37 C.F.R. § 1.131(b). 711 F.Supp. at 32–33, 13 USPQ2d at 1247.

After finding the Rule 131 affidavit insufficient, the district court apparently felt constrained to reinstate the examiner's rejection. It held all of the claims of the '140 patent invalid under 35 U.S.C. § 103 and, in doing so, stated:

> The PTO decided against Greenwood on the basis of the original record, including Seiko's submissions. In Greenwood's affidavits and other materials on reexamination, no attempt was made to undermine the original showing made by Seiko. Instead, plaintiff's documentation at the reexamination was meant to go behind Seiko's evidence, to show that Greenwood had conceived of the patent

[sic, invention] and put it into workable shape before Seiko [sic, the date of the publications]. Thus, the evidence Seiko originally offered remains unchallenged. Therefore, if the affidavits are insufficient, the PTO's original finding in favor of Seiko [sic, rejection] should be restored, and this Court must reverse the finding based on the affidavits.

711 F.Supp. at 31, 13 USPQ2d at 1246.

## OPINION

A. The Memorandum and Order of the district court filed April 28, 1989 is, in essence, an inappropriate review of the reexamination proceeding of the PTO. The court held that "the judgment [sic, presumably alluding to the Commissioner's action in issuing the Certificate of Reexamination] of the Patent and Trademark Office (PTO) is reversed"[2] and stated that "if the [Rule 131] affidavits are insufficient, the PTO's original finding [sic, first rejection by the examiner] ... should be restored." 711 F.Supp. at 31, 13 USPQ2d at 1245, 1246. The district court has misperceived the purpose and effect of reexamination, *see* 35 U.S.C. §§ 301–307, and has treated the reexamination as if it were part of Greenwood's suit against Seiko. *See In re Etter*, 756 F.2d 852, 857, 225 USPQ 1, 5 (Fed.Cir. 1985) (*in banc*) ("litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes."). Because the court's misperceptions caused it to disregard the presumption that all patents are valid, *see* 35 U.S.C. § 282 (1982), its judgment must be vacated.

▮▮▮▮ In an infringement suit before a district court, the invalidity of a patent under 35 U.S.C. § 103 must be decided on the basis of prior art adduced in the proceeding before the court. The issue cannot be decided merely by accepting or rejecting the adequacy of the positions taken by the patentee in order to obtain a Certificate of Reexamination for the patent. Once issued by the PTO, a patent is presumed valid and

**2.** The suit in the district court was not an appeal from or to review a decision of the PTO (which does not enter "judgments"), but was a normal

suit on an issued patent against an alleged infringer.

the burden of proving otherwise rests solely on the challenger. Here, the court's error was likely caused by Seiko, with possible assistance from Greenwood. In its brief on appeal, and presumably in the district court, Seiko's principal argument for invalidating the '140 patent was that the reexamination certificate should not have issued because Greenwood's Rule 131 affidavit was insufficient to antedate the three magazine publications cited in the reexamination. Greenwood's brief is similarly directed in large part to the adequacy of his affidavit. After establishing to the satisfaction of the district court that its position on the affidavit was correct, Seiko then apparently persuaded the court that it could reinstate the examiner's initial rejection for obviousness, which had been grounded in part on the three publications. The district court followed this approach and held the patent invalid under 35 U.S.C. § 103 based on the initial action of the examiner. As a result, the court did not analyze the publications, in conjunction with the other prior art references relied on by Seiko, in the manner required by the Supreme Court, and decisions of this court, to determine whether they would have rendered the invention obvious under section 103. *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459 (1966); *see, e.g., Allen Archery v. Browning Mfg. Co.*, 819 F.2d 1087, 2 USPQ2d 1490 (Fed.Cir.1987); *Perkin–Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 221 USPQ 669 (Fed.Cir.1984); *Raytheon Co. v. Roper Corp.*, 724 F.2d 951, 220 USPQ 592 (Fed.Cir.1983).

 Under 35 U.S.C. § 282, one attacking the validity of a patent must present clear and convincing evidence establishing facts which lead to the legal conclusion that the patent is invalid. *See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375, 231 USPQ 81, 87 (Fed.Cir.1986); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d

1350, 1360, 220 USPQ 763, 770 (Fed.Cir. 1984). To establish invalidity under 35 U.S.C. § 103, certain factual predicates are required before the legal conclusion of obviousness or nonobviousness can be reached. The underlying factual determinations to be made are (1) the scope and content of the prior art, (2) the differences between the claimed invention and the prior art, (3) the level of ordinary skill in the art, and (4) objective evidence of non-obviousness, such as commercial success, longfelt but unsolved need, failure of others, copying, and unexpected results. *Graham v. John Deere Co.*, 383 U.S. at 17, 148 USPQ at 467; *Perkin–Elmer Corp.*, 732 F.2d at 894, 221 USPQ at 674. In this case, the requisite factual findings or stipulations were not made and, accordingly, we have no basis for reviewing the court's legal determination. While the district court's opinion indicates that the three cited publications should be considered prior art,[3] this does not establish that Greenwood's invention would have been obvious to one of ordinary skill in the art at the time the application was filed. A *Graham* analysis of the pertinent prior art must precede a holding concerning the obviousness of the patented invention. In addition, the fact that the examiner initially rejected Greenwood's claims under 35 U.S.C. § 103 is not proof of obviousness in the infringement action before the district court. Before issuing the reexamination certificate, the examiner clearly withdrew his initial rejection.

Since the proper *Graham* analysis was not made by the district court, the summary judgment of obviousness under 35 U.S.C. § 103 must be vacated.

 B. The district court also held that Greenwood had engaged in inequitable conduct by filing a misleading Rule 131 affidavit during the reexamination proceeding and determined that all claims of the '140 patent were unenforceable. For there to

---

**3.** The court determined that the magazine publications were prior art solely because of the perceived inadequacy of Greenwood's Rule 131 affidavit. However, there was evidence before the court from which Greenwood attempted to

show a date of invention prior to the date of the publications. On remand, the court must reconsider, based on all of the evidence before it, whether the three publications have the status of prior art.

be inequitable conduct, this court has recently stated that "the involved conduct ... must indicate sufficient culpability to require a finding of intent to deceive." *Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988) (*in banc*). The district court found that the facts failed to "show that plaintiff *intended* to mislead the PTO, or engaged in 'fraud' in the common-law sense." 711 F.Supp. at 33, 13 USPQ2d at 1247. Absent a finding of an intent to deceive, the district court abused its discretion in holding that Greenwood's conduct rendered the '140 patent unenforceable. *Kingsdown,* 863 F.2d at 876, 9 USPQ2d at 1392. Accordingly, the district court's holding on unenforceability is reversed.

## CONCLUSION

The judgment of the district court is vacated-in-part and reversed-in-part, and the case is remanded for further proceedings consistent with this opinion.

## COSTS

Costs to Greenwood.

VACATED–IN–PART, REVERSED–IN–PART AND REMANDED.