**DIGITAL CONTROL INCORPO-RATED, a Washington corporation, Plaintiff,**

v.

**McLAUGHLIN MANUFACTURING CO., INC., a Delaware corporation, Defendant.**

No. 01–CV–985.

United States District Court,
W.D. Washington.

Jan. 7, 2003.

See also 213 F.Supp.2d 1242.

Paul T. Meiklejohn, Brian Chung Park, Dorsey and Whitney LLP, Seattle, WA, Aaron Keyt, Digital Control, Inc., Renton, WA, for Digital Control, Inc.

Stuart R. Dunwoody, Bruce A. Kaser, Brian G. Bodine, Davis Wright Tremaine, LLP, Seattle, WA, Steven E. Farrar, Leatherwood Walker Todd & Mann, Greenville, SC, for McLaughlin Mfg. Co., Inc.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF NONANTICIPATION AND NONOBVIOUSNESS

PECHMAN, District Judge.

In a prior order, this Court concluded that Defendant McLaughlin Manufacturing Co. ("McLaughlin") literally infringed claims of four patents: (1) Claim 1 of U.S. Patent No. 5,767,678 (" the '678 patent"); (2) Claims 1, 5, and 6 of U.S. Patent No. 6,057,687 ("the '687 patent"); (3) Claim 2 of U.S. Patent No. 6,232,780 ("the '780 patent"); and (4) Claims 4 and 9 of U.S. Patent No.6,002,258 ("the '258 patent"). Plaintiff Digital Control Incorporated ("DCI") now moves for partial summary judgment that the above four patents are not invalid because of prior art, as alleged by Defendant. (Dkt. No. 138.) Because Defendant fails to raise a genuine issue of material fact, Plaintiff's motion for partial summary judgment on Defendant's prior art affirmative defenses of nonanticipation and nonobviousness is GRANTED.

## BACKGROUND

This case involves patents of a device that drills holes for cable, water, and other utility lines underground, without requiring the opening of deep, above-ground trenches. This technology is known as horizontal directional drilling ("HDD"), or

trenchless locating. This Court previously ruled that Defendant's Spot–D–Tek IV ("Spot IV") device infringes seven claims of four patents. Defendant has asserted a number of affirmative defenses to infringement, and here Plaintiff moves for summary judgment on the affirmative defenses of nonanticipation and nonobviousness.

### ANALYSIS

◼ Because patents are presumed valid, Defendant has the burden on summary judgment of raising a genuine issue of material fact on whether there is clear and convincing evidence that the relevant patents were either anticipated or obvious. 35 U.S.C. § 282; *Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 241 (Fed.Cir. 1990); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (Fed.Cir.1996).

### I. Plaintiff's Requests to Strike Anticipation and Obviousness Defenses

◼ Plaintiff moves to strike Defendant's anticipation and obviousness affirmative defenses on the grounds that Defendant failed to disclose the factual basis for these defenses in accordance with the litigation plan. By prior order this Court reiterated that the litigation plan is an order. While Defendant has not met their duty of disclosure as outlined by the litigation plan, striking their affirmative defenses is too harsh and premature a sanction.

According to the litigation plan, by August 1, 2002, Defendant was to disclose their noninfringement and invalidity contentions. Defendant was to provide "a claim chart identifying where *specifically* in each alleged item of prior art each element of each asserted claim is found." Litigation Plan at 5 (emphasis added). Defendant, however, made only general allegations and cites, and did, for example, not refer to page numbers. For example, in claims charts Defendant summarily states that the "Rider Subject Matter" is anticipatory of Claim 1 of the '678 patent,

but provides no page or reference for the "Rider Subject Matter." (Dunwoody Decl. Ex. F. at 36.) Apparently, the "Rider Subject Matter" is a group of several patents containing, Plaintiff alleges, more than 6,000 lines of text. This fails to meet the requirement of the Litigation Plan to identify "specifically in each alleged item of prior art" where an element of a claim is located. Litigation Plan at 6.

Defendant places the blame for their lack of specificity on Plaintiff, since Plaintiff decided to litigate 81 claims, not the 20–30 they indicated to the Court that they would prosecute. Plaintiff's decision significantly enlarged the amount of work required by Defendant, as well as the Court, but it does not excuse Defendant from compliance with the Court's order.

The remedy is not to strike affirmative defenses without warning, but rather to move to compel, and on failure to produce to move for sanctions. Plaintiff did not move to compel. Rather, as has become a pattern in this litigation, Plaintiff filed a summary judgment motion designed to produce discovery and flush out Defendant's position. This strategic decision is not grounds for a motion to strike. Plaintiff's remedy for failure to disclose is production first, then a more serious sanction. Plaintiff's request to strike is DENIED.

### II. Anticipation

◼ Because patents are granted to promote the progress of the useful arts, a product or process is not patentable unless it is new. Determining whether a product or process is new requires comparing the claimed product or process with relevant prior art. *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply*, 45 F.3d 1550, 1554–55 (Fed.Cir.1995). A product is not new if all the claimed elements of that product or process are present in a single piece of relevant prior art. *RCA Corp. v.*

*Applied Digital Data Sys. Inc.,* 730 F.2d 1440 (Fed.Cir.1984), *cert. denied,* 468 U.S. 1228, 105 S.Ct. 32, 82 L.Ed.2d 923 (1984). If a single piece of relevant prior art contains all the claimed elements, it is said to anticipate the product or process. *ATD Corp. v. Lydall Inc.,* 159 F.3d 534, 545 (Fed.Cir.1998). Anticipation is a question of fact. *Rockwell Int'l Corp. v. United States,* 147 F.3d 1358, 1363–64 (Fed.Cir. 1998). Here, Defendant argues that all patent claims at issue are anticipated by Defendant's Spot–D–Tek I ("Spot I") device or, in the case of the '258 patent, the "Flowcator" device. Defendant has the burden of raising a genuine issue of fact that the Spot I or Flowcator contain all the elements in: (1) Claim 1 of the '678 patent; (2) Claims 1, 5, and 6 of the '687 patent; (3) Claim 2 of the '780 patent; and (4) Claims 4 and 9 of the '258 patent. *ATD Corp. v. Lydall Inc.,* 159 F.3d 534, 545 (Fed.Cir.1998). To meet their burden, Defendant essentially relies on a single piece of evidence in their Response brief, the declaration of their expert Phillip Walters.

■ Mr. Walters' declaration states that he has reviewed the patents, Defendant's Disclosure of Non–Infringement and Invalidity Contentions, and is familiar with the design and operation of the Spot I system and the Flowcator. Defendant does not specifically show how the Spot I and Flowcator contain all elements of the disputed patents. Instead, Defendant matches the Spot I and Flowcator devices to the allegations Plaintiff put forward in showing that the Spot IV infringed all claims. Defendant argues that matching the Spot I to Plaintiff's description of the Spot IV should prove anticipation in the following manner: (1) the Court found the Spot IV infringed based on Plaintiff's claim charts; (2) the Spot I and Flowcator do everything that Plaintiff claims the Spot IV does to infringe; (3) that means the Spot I reads on the claims just as the Spot IV does; (4) since the Spot I was prior art, therefore the patents must be invalid for prior art. Defendant's litigation strategy does not meet their burden on summary judgment for several independent reasons.

■ Defendant may not compare the Spot I and Spot IV devices to prove anticipation. Plaintiff put forward claim charts showing how the Spot IV infringed each claim. Defendant did not dispute allegations of infringement except for a small number of discrete claims. The Court did a claims construction on the disputed terms, Defendant did not dispute the remaining elements of the claims, and the Court granted summary judgment for literal infringement. Here, Defendant has the burden of showing anticipation on all the claims. However, Defendant does not show how the Spot I reads on the claims, but rather how the aspects of the Spot IV *overlap* with the Spot I and the Flowcator in the '258 patent. By law, Defendant must specifically match Spot I to the claims, not the Spot IV device. *See Datascope Corp. v. SMEC, Inc.,* 879 F.2d 820, 824 (Fed.Cir.1989), *cert. denied,* 493 U.S. 1024, 110 S.Ct. 729, 107 L.Ed.2d 747 (1990). Because Defendant does not demonstrate that the Spot I device reads on all elements of the disputed claims, they cannot meet their burden on summary judgment.

Defendant's matching of the Spot I and Spot IV devices also fails to demonstrate anticipation because of differences between Defendant's descriptions of the Spot I and Plaintiff's descriptions of the Spot IV. Even if Defendant could show anticipation through matching the two devices, Defendant has not shown that the devices are an exact match. By failing to specifically show that Spot I contains each element of every claim, it is impossible for the Court determine if the differences in the description of the two devices means that the Spot I does not cover the claims. Additionally,

on a number of occasions Defendants fail to match their allegations of the Spot I device against all elements of each claim.

The following are examples of the different allegations and missed elements of claims in each of the four patents at issue. In the '678 patent, Plaintiff stated that the Spot IV "includes sensor arrangements for roll, pitch, battery, and/or temperature." However, Walters states that he does "not believe that Spot I's sensor arrangement included pitch, battery, and/or temperature information." (Response at 15.) In the '687 patent, the Spot IV has a "second mode of operation in which it operates," while Walters' description of the Spot I describes a "second *possible* mode of operation in which it *can* operate." (*Id.* at 16) (emphasis added). Walters' description also neglects to allege that the Spot I covers claims 5(b) and 6(b) of the '687 patent. (*Id.;* Mercer Decl. Ex. 5.). In the '780 patent, Plaintiff describes that the Spot IV probes "contain sensors for determining the pitch and roll of the boring tool." (Response at 18.) Walters' declaration regarding the Spot I, however, alleges only that the Spot I probe contains a "sensor for determining the roll," but says nothing of pitch. (*Id.*) In the '258 patent, the Spot IV provides field strength measurements "as the 10 feet/3 m. distance is measured and maintained." (*Id.* at 19.) The Spot I uses a "60–inch distance." (*Id.*) Also, Defendant fails to put forth any allegations regarding Spot I and the elements of claim 4(b)(ii) and (c) of the '258 patent. (*Id.,* Mercer Decl. Ex. 3.) Without reference to the element of the claim and explanation, the Court cannot determine if these differences are significant and Defendant fails to meet their burden on summary judgment. Independently, by failing to match the Spot I to each element of the contested claims, Defendant *per se* fails to meet their burden on summary judgment.

Defendant's actual disclosures of the anticipation defense, although not argued or cited in their Response brief, also fail to raise a genuine issue of fact. The disclosures do provide an element by element claim analysis, as is required by law. (Dunwoody Decl. Ex. F.) However, nowhere does Defendant actually cite to a page where the claimed prior art is found or provide explanation or argument; rather, Defendant makes conclusory citations to vague and lengthy documents, such as the "Rider Subject Matter," as described above. Defendant has provided several reams of declarations and documents with its briefing. Nonetheless, nowhere is there an indication of where relevant material, such as the "Rider Subject Matter," can be found. The Court cannot parse through this kind of unorganized and unspecified material to determine if prior art anticipates the claims. These submissions do not meet Defendant's burden of raising a genuine issue of fact.

### III. Obviousness

A new and useful product or process is not patentable unless it was nonobvious when made. 35 U.S.C. § 103(a). Where anticipation looks to see if single piece of prior art (e.g. the Spot I device) predated the patent, obviousness looks at all prior art and invention as a whole to see if the subject matter claimed was novel, considering a wide variety of different facts and factors. *Ruiz v. A.B. Chance Co.,* 234 F.3d 654 (Fed.Cir.2000). Defendant contends that the difference between anticipation and obviousness is "irrelevant in this case" and challenges only anticipation. (Resp. at i, 14–23.) Since the affirmative defense of obviousness is Defendant's burden, by failing to challenge the issue on summary judgment, Defendant fails to raise a genuine issue of material fact. Therefore, Plaintiff's motion for partial

summary judgment on nonobviousness is GRANTED.

## CONCLUSION

Defendant fails to raise a genuine issue of material fact on obviousness or anticipation by prior art. Accordingly, Plaintiff's motion for partial summary judgment on prior art is GRANTED. (Dkt. No. 138.)

The Clerk is directed to send copies of this order to all counsel of record.